**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PRAMOD RASTOGI, *et al.*,

*Plaintiffs*,

v.

SECRETARY OF U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

*Defendants*.

Civil Action No. 26-2191 (SLS)
Judge Sparkle L. Sooknanan

# MEMORANDUM OPINION

In December 2025, Sunita Rastogi passed away at Mission Hospital in Asheville, North Carolina, after a routine echocardiogram. She is survived by her husband, Pramod Rastogi, and her son, Keshav Rastogi. The Rastogis filed this lawsuit against the U.S. Department of Health and Human Services (HHS), the North Carolina Department of Health and Human Services (NCHHS), HCA Healthcare Inc., and Mission Hospital raising various claims related to her death. Two of the Defendants, HHS and NCHHS, have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). For the reasons explained below, the Court grants their motions. In addition, because the Plaintiffs have failed to serve the remaining Defendants, HCA Healthcare Inc. and Mission Hospital, the Court dismisses the claims against those Defendants. The Court understands that Pramod and Keshav Rastogi have suffered greatly over the loss of their wife and mother. But the Court lacks the authority to grant the relief that they seek in this lawsuit.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiffs' Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because the Plaintiffs are proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

Sunita Rastogi died in December 2025 at Mission Hospital "during a routine Ultra Sound Test (Echocardiogram) of Heart at the age of 64 years." Compl. at 3, ECF No. 1. Her husband, Pramod Rastogi, "suspects that during the procedure—Extraction of blood from wrist veins connected directly with the heart—the performing and attending team of nurses, forgot to monitor the flow of oxygen from the external source into [her] lungs." Compl. at 5. He "does not want to return to New Delhi/India because he is emotionally tied up with the grave of his long-standing wife[.]" Compl. at 4. His son, Keshav Rastogi, returned to India "in distress and under emotional breakdown." Compl. at 3. Sunita Rastogi was buried at the Green Hills Cemetery in February 2026. Compl. at 5.

The Plaintiffs filed this action in June 2026 against HHS, NCHHS, HCA Healthcare Inc., and Mission Hospital. The Complaint alleges "Gross Negligence and Dereliction of Duty," pointing to "the attending and performing team of nurses that brought untimely and cruel death of" Sunita Rastogi. Compl. at 6. It seeks detailed investigations of Mission Hospital and $1,000,000 in damages for "the emotional sufferings and lifelong loss of companionship." Compl. at 6. In July 2026, the Plaintiffs moved for default judgment against HCA Healthcare Inc. and Mission Hospital. ECF No. 12. The Court denied that motion, concluding that the Plaintiffs had not properly served those Defendants under Federal Rule of Civil Procedure 4(e). *See* Min. Order

(July 23, 2026). Meanwhile, HHS and NCHHS moved to dismiss the Plaintiffs' Complaint. HHS Mot. to Dismiss (HHS Mot.), ECF No. 15; NCHHS Mot. to Dismiss, ECF No. 24. Those motions are fully briefed and ripe for review. *See* Opp'n to HHS Mot., ECF No. 22; Opp'n to NCHHS Mot., ECF No. 26; HHS Reply, ECF No. 27.

## LEGAL STANDARD

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up). A plaintiff bears the burden of establishing a court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In evaluating whether a plaintiff has met that burden at the pleading stage, a court "accept[s] as true all of the factual allegations contained in the complaint." *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)).

Under Rule 12(b)(2), "[t]he plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff "must allege specific acts connecting the defendant with the forum" and cannot rely on "bare allegation[s]." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up).

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler*

*v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A court must "liberally construe[]," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a pro se litigant's complaint and "consider [the] complaint in light of all filings," *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (cleaned up). But a pro se plaintiff must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Mazza v. Verizon D.C., Inc.*, 852 F. Supp. 2d 28, 33 (D.D.C. 2012) (cleaned up).

## DISCUSSION

HHS and NCHHS seek dismissal of the claims against them on multiple grounds. The Court agrees that dismissal is appropriate. And because the Plaintiffs have failed to serve HCA Healthcare Inc. and Mission Hospital, the Court dismisses the claims against those Defendants for failure to prosecute. In dismissing the Plaintiffs' claims, the Court acknowledges the tremendous grief and heartache that comes with suddenly losing a loved one. But the Court has no authority to grant relief in this case.

### A. Proper Plaintiffs

Before turning to the pending motions, the Court addresses whether Pramod and Keshav Rastogi may bring this action on behalf of Sunita Rastogi. Pramod Rastogi signed the Complaint on behalf of his deceased wife. Compl. at 7. He claims that she "is a passive Plaintiff and is not seeking prosecution or compensation[,]" and he requests that she "be allowed to remain a Silent Plaintiff." Opp'n to HHS Mot. at 4. But "[d]eceased persons are not proper parties." *Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014) (citing Fed. R. Civ. P. 25(a)(1)

as "allow[ing] for the substitution of a proper party" when a plaintiff "die[s] during the pendency of litigation rather than when a deceased person was named as a party at the initiation of the suit"). Thus, Sunita Rastogi is not a proper Plaintiff, and her claims must be dismissed.[1]

**B. HHS**

The Plaintiffs' claims against HHS are not entirely clear. The Complaint alleges that HHS "indirectly administered & regulated" Mission Hospital, Compl. at 2, including for "quality and safety standards[,]" Compl. at 5, and that HCA Healthcare Inc. "operat[es] under [] business license from" HHS, Opp'n to HSS Mot. at 2. And the Plaintiffs' Opposition invokes the Administrative Procedure Act (APA), arguing that federal courts are "meant to apply checks and balances on the working of Government Officials[.]" *Id.* at 1. HHS moves to dismiss on two grounds. *See* HHS Mot. at 1. They argue that the Plaintiffs cannot compel the agency to conduct an investigation or initiate a prosecution. *Id.* And they contend that any tort claims against the agency are unexhausted. *Id.* The Court agrees.

*First*, to the extent that the Plaintiffs want HHS to investigate the events leading to Sunita Rastogi's death or take prosecutorial actions against individuals at Mission Hospital, those requests are non-justiciable. It is well established that "a private citizen lacks a judicially cognizable interest

---

[1] Pramod Rastogi also initially signed the Complaint on behalf of his son. But Keshav Rastogi has since attempted to sign the Complaint himself through an "Errata." *See* ECF No. 20. Thus, the Court excuses Keshav Rastogi's failure to sign the Complaint.

The Plaintiffs simultaneously docketed a "Consent to the Filing of an Amended Complaint," ECF No. 21, which HHS opposes, *see* ECF No. 28. The Court construes this as a motion for leave to amend and denies that motion as futile. *See McGee v. District of Columbia*, 646 F. Supp. 2d 115, 119 (D.D.C. 2009) ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss."). But the Court has reviewed the proposed amended complaint, ECF. No. 20, which does not change the Court's views of the Plaintiffs' claims. *Accord Brown*, 789 F.3d at 152 (instructing courts to consider "all filings" from a pro se litigant (cleaned up)).

in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). And the APA does not help the Plaintiffs. Section 702 of the APA provides a limited waiver of sovereign immunity for actions "seeking relief other than money damages." 5 U.S.C. § 702. But investigatory and prosecutorial decisions are firmly "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), so that waiver does not apply, *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (explaining that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"). Thus, the Court dismisses under Rule 12(b)(6) any claims related to the failure to investigate or prosecute.

*Second*, the Court lacks jurisdiction over any torts claims for monetary relief. The Federal Tort Claims Act (FTCA) "provides a limited waiver of sovereign immunity, permitting certain tort claims against the United States." *Davis v. DOJ*, No. 24-cv-195, 2025 WL 1411074, at *3 (D.D.C. May 15, 2025) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)). Although the Plaintiffs do not appear to invoke the FTCA, they claim "Gross Negligence and Medical Malpractice," Compl. at 3, both of which sound in tort. A plaintiff must administratively exhaust an FTCA claim before suing by first presenting that claim to the appropriate federal government agency. *See* 28 U.S.C. § 2675(a) (requiring that a claimant shall have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). The burden of proving exhaustion rests with the plaintiff, *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987), and "fail[ure] to heed that clear statutory command" requires dismissal of the claim, *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, the

Plaintiffs offer no indication that they exhausted their administrative remedies before filing this lawsuit, so the Court dismisses any FTCA claims under Rule 12(b)(1).[2]

### C. NCHHS

The Plaintiffs' claims against NCHHS are based on its responsibility to "apply checks and balances" as "the local regulatory body" of Mission Hospital. Opp'n to NCHHS Mot. at 4. They request that "[d]etailed investigations may kindly be ordered . . . into the happenings of 12/19/2025 at the Mission Hospital Asheville NC[.]" Compl. at 6. And they seek monetary relief. Compl. at 6. NCHHS moves to dismiss on five grounds: (1) failure to serve, (2) Article III standing, (3) sovereign immunity, (4) lack of personal jurisdiction, and (5) failure to state meritorious claims. NCHHS Mem. Supp. Mot. to Dismiss (NCHHS Mot.) at 1, ECF No. 25. The Court dismisses for lack of personal jurisdiction.

"Personal jurisdiction is the Court's ability to exercise coercive authority over a defendant." *Gu v. Trump*, No. 25-cv-460, 2025 WL 3684896, at *2 (D.D.C. Dec. 19, 2025) (cleaned up). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "But the Due Process Clause of the Fourteenth Amendment limits the reach of such state law," *Gu*, 2025 WL 3684896, at *2, because it "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations,'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

---

[2] The Plaintiffs' Opposition seems to invoke the APA as a basis for their request for monetary relief from HHS. Opp'n to HHS Mot. at 4. But the APA waives sovereign immunity only for actions "seeking relief *other than money damages*[.]" 5 U.S.C. § 702 (emphasis added).

"Personal jurisdiction can be established in three ways." *Alpine Consulting Partners, LLC v. Jacokes*, No. 25-cv-913, 2025 WL 2959574, at *2 (D.D.C. 2025). First, "specific jurisdiction" "permits suits that arise out of or relate to a defendant's activities in the forum State." *Id.* (cleaned up). Second, "general jurisdiction" allows the Court to hear the suit "when a defendant is essentially at home in the State." *Id.* (cleaned up). "Third, 'express or implied consent' can serve as a 'ground' for 'personal jurisdiction' as well." *Id.* (quoting *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023)). Here, the Plaintiffs' filings do not indicate that NCHHS is a resident of the District of Columbia or that it has consented to suit here. And NCHHS has represented that it has no presence in the District. *See* NCHHS Mot. at 8–9. So general jurisdiction and consent get the Plaintiffs nowhere, and that leaves specific jurisdiction.

To exercise specific jurisdiction over a non-resident defendant, a court "must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The Plaintiffs' claims against NCHHS do not make it past the first step. D.C. law permits courts to "exercise personal jurisdiction over a person[.]" D.C. Code § 13-423. At baseline, it is not clear that NCHHS, a North Carolina state agency, is a "person" covered by the statute. *See United States v. Ferrara*, 54 F.3d 825, 832 (D.C. Cir. 1995) (concluding that a state is not a "person" within the meaning of D.C.'s long-arm statute). But even if it is, the D.C. long-arm statute only permits claims arising from a person's (1) transacting business in the District, (2) contracting to supply services in the District, (3) causing tortious injury in the District, (4) having a real property interest in the District, (5) contracting to insure in the District, or (6) familial relationship in the District. D.C. Code § 13-423. And none of the Plaintiffs' allegations fall within these categories. This case is about a death that occurred at a

hospital in North Carolina. None of the operative facts occurred in the District, and the Plaintiffs do not allege that they have any connection to the District. So the Court dismisses the claims against NCHHS under Rule 12(b)(2) for lack of personal jurisdiction.

**D. HCA Healthcare Inc. and Mission Hospital**

The two remaining Defendants, HCA Healthcare Inc. and Mission Hospital, have not yet appeared in this action because they have not been served. On July 23, 2026, the Court first notified the Plaintiffs that they had not properly served these Defendants. *See* Min. Order (July 23, 2026). Again, on August 12, 2026, the Court explained that service had not been accomplished. *See* Minute Order (Aug. 12, 2026). And on September 21, 2026, the Court once again reminded the Plaintiffs of their obligation to serve the Defendants and extended the service deadline. *See* Min. Order (Sep. 21, 2026) ("The Court will once again extend the service deadline to October 19, 2026. It will not grant further extensions absent extraordinary circumstances."). To date, the Plaintiffs have not filed proof that HCA Healthcare Inc. and Mission Hospital have been served in accordance with Federal Rule of Civil Procedure 4. Having given the Plaintiffs multiple opportunities to effectuate service, the Court now dismisses the claims against HCA Healthcare Inc. and Mission Hospital for failure to prosecute. *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) ("The law is clear that '[d]istrict courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order.'" (quoting *Peterson v. Archstone Cmties. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011))); *Holston v. Vance-Cooks*, No. 12-cv-1536, 2013 WL 5912475, at *1 (D.D.C. Nov. 5, 2013) (Jackson, J.) ("The court's authority to dismiss applies in equal force when the plaintiff is unrepresented by counsel and proceeding *pro se*.").

## CONCLUSION

For the foregoing reasons, the Court grants HHS's Motion to Dismiss, ECF No. 15, and NCHHS's Motion to Dismiss, ECF No. 24. It also dismisses the claims against HCA Healthcare Inc. and Mission Hospital for failure to prosecute.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 28, 2026